McGREGOR W. SCOTT
United States Attorney
JASON HITT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-MJ-00018-KJN |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER CONTINUING PRELIMINARY HEARING AND EXCLUDING TIME |
| v. | |
| ARLENE-ANELA KEKO OLANI, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between Assistant United States Attorney Jason Hitt, counsel for the plaintiff United States of America, and defendant Arlene-Anela Keko Olani, by and through her counsel Candice Fields, Esq., that good cause exists to extend the preliminary hearing currently set for April 1, 2020, at 2:00 p.m. to May 28, 2020, pursuant to Rule 5.1(d) of the Federal Rule of Criminal Procedure, and that time should be excluded from the Speedy Trial Act. This stipulation is made pursuant to the findings made by this Court in this District's General Order Numbers 611 and 612.

On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19. On March 18, 2020, this Court issued General Order 612, which closed all courthouses of the United States District Court for the Eastern District of California shall be closed to the public and limited access to a narrow class of authorized

persons.

Although General Order 611 addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

General Order 611 excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the preliminary hearing date of May 28, 2020.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION TO PROPOSED FINDINGS

1. By previous order, this matter was set for a preliminary hearing on April 1, 2020.  Docket No. 3.  The defendant is out of custody on conditions of release.  Docket No. 5.

2. By this stipulation, the parties now move to continue the preliminary hearing to May 28, 2020, and to exclude time between April 1, 2020, and May 28, 2020, under Local Code T4.

   a) The United States will be producing written reports, lab reports, audio recordings, and other items of evidence shortly.

   b) The additional time between April 1, 2020, and May 28, 2020, will provide counsel for the defendant time to review the discovery, conduct investigation and research related to the charges, prepare pretrial motions, and prepare for a future trial.

   c) The United States believes that failure to grant the above-requested continuance would deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the following factors are present.

   - A preliminary hearing on April 1, 2020, would require the defendant to board a flight from the District of Hawaii, where she resides, to the Eastern District of California.  To the extent a flight is available at this time, taking such a flight would create a high-risk environment for the defendant to be exposed to COVID-19.

   - Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed in this case because of the large amount of personnel required to conduct a preliminary hearing in this case,

1 including Court staff, deputies from the United States Marshals Service, and the
2 lawyers who need to appear in this case.

3       e)       Based on the above-stated findings, the ends of justice served by continuing the
4 case as requested outweigh the interest of the public and the defendant in a trial within the original date
5 prescribed by the Speedy Trial Act.

6       f)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
7 et seq., within which trial must commence, the time period of April 1, 2020, to May 28, 2020, inclusive,
8 is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results
9 from a continuance granted by the Court at defendant's request on the basis of the Court's finding that
10 the ends of justice served by taking such action outweigh the best interest of the public and the
11 defendants in a speedy trial.

12 Nothing in this stipulation and proposed order should preclude a finding that other provisions of
13 the Speedy Trial Act dictate that additional time periods are excludable from the period within which a
14 trial must commence.

15 The parties further stipulate that the ends of justice are served by the Court excluding time from
16 April 1, 2020, to May 28, 2020, so that counsel for the defendant may have reasonable time necessary
17 for effective preparation, taking into account the exercise of due diligence.  18 U.S.C.
18 § 3161(h)(7)(B)(iv).  Specifically, the defense agrees that it needs time to review discovery and
19 effectively evaluate the posture of the case, and conduct investigation into any possible defenses she
20 may have to the charges.  *Id.*  For these reasons, the defendant, defense counsel, and the government
21 stipulate and agree that the ends of justice outweigh the best interest of the public and the defendant in a
22 speedy trial.  18 U.S.C. § 3161(h)(7)(A); Local Code T4.

23

24 DATED: March 23, 2020       /s/Jason Hitt
      JASON HITT
25       Assistant U.S. Attorney

26 DATED: March 23, 2020       /s/Jason Hitt for Ms. Fields
      CANDICE FIELDS, ESQ.
27       Counsel for defendant
      Authorized to sign for Ms. Fields
28       on March 23, 2020

**O R D E R**

Based upon the representations by counsel and the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The Court finds good cause to extend the Preliminary Hearing in *United States v. Keko Olani*, Case No. 2:20-mj-00018-KJN, from April 1, 2020, to May 28, 2020, at 2:00 p.m. pursuant to Federal Rule of Criminal Procedure 5.1(d); and

2. Based upon the representations and stipulation of the parties, the court finds that the time exclusion under 18 U.S.C. § 3161(h)(7)(A) and Local Code T4 applies and the ends of justice outweigh the interest of the public and the defendant in a speedy trial based upon the factors set forth in 18 U.S.C. § 3161(h)(7)(B)(iv).  Accordingly, time under the Speedy Trial Act shall be excluded up to and including May 28, 2020.

**IT IS SO ORDERED.**

DATE:  March 23, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

STIPULATION AND [PROPOSED] ORDER CONTINUING
PRELIMINARY HEARING AND EXCLUDING TIME

5