McGREGOR W. SCOTT
United States Attorney
JASON HITT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>Plaintiff, <br><br>v. <br><br>ARLENE-ANELA KEKO OLANI, <br><br>Defendant. | CASE NO. 2:20-MJ-00018-KJN <br><br>STIPULATION AND ORDER CONTINUING PRELIMINARY HEARING AND EXCLUDING TIME |

IT IS HEREBY STIPULATED by and between Assistant United States Attorney Jason Hitt, counsel for the plaintiff United States of America, and defendant Arlene-Anela Keko Olani, by and through her counsel Candice Fields, Esq., that good cause exists to extend the preliminary hearing currently set for May 28, 2020, at 2:00 p.m. to July 30, 2020, pursuant to Rule 5.1(d) of the Federal Rule of Criminal Procedure, and that time should be excluded from the Speedy Trial Act. This stipulation is made pursuant to the findings made by this Court in this District's General Order Numbers 611, 612, and 618.

On March 17, 2020, this Court issued General Order 611, which suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19. On March 18, 2020, this Court issued General Order 612, which closed all courthouses of the United States District Court for the Eastern

District of California to the public and limited access to a narrow class of authorized persons. On May 13, 2020, the Court issued General Order 618. It continued the closure of all courthouses in the Eastern District of California until further notice. General Order 618 also states that in "criminal cases before the District Judges, the assigned District Judge may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020, the court's subsequent declaration of a judicial emergency based on 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this court's judicial emergency for an additional one-year period and suspending the time limits of 18 U.S.C. § 3161(c) until May 2, 2021, with additional findings to support the exclusion in the Judge's discretion."

Although General Order 611 addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

General Order 611 excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such

circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the preliminary hearing date of July 30, 2020. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION TO PROPOSED FINDINGS**

1. By previous order, this matter was set for a preliminary hearing on May 28, 2020. Docket No. 11. The defendant is out of custody on conditions of release, residing in the District of Hawaii. Docket No. 5.

2. By this stipulation, the parties now move to continue the preliminary hearing to July 30, 2020, and to exclude time between May 28, 2020, and July 30, 2020, under Local Code T4.

   a) The United States previously produced written reports and related materials. Within the next week, the United States will produce a voluminous set of audio recordings and other discoverable items to defense counsel.

   b) The additional time between May 28, 2020, and July 30, 2020, will provide counsel for the defendant time to review the discovery, conduct investigation and research related to the charges, prepare pretrial motions, and prepare for a future trial.

   c) The United States believes that failure to grant the above-requested continuance would deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) In addition to the public health concerns cited by General Order 611, the Court's subsequent declaration of a judicial emergency based on 18 U.S.C. § 3174, and the Ninth Circuit

Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency for an additional one-year period and suspending the time limits of 18 U.S.C. § 3161(c) until May 2, 2021, as well as concerns presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the following factors are present.

- Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed in this case because of the large amount of personnel required to conduct a preliminary hearing in this case, including Court staff, deputies from the United States Marshals Service, and the lawyers who need to appear in this case.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 28, 2020, to July 30, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

Nothing in this stipulation and proposed order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

The parties further stipulate that the ends of justice are served by the Court excluding time from May 28, 2020, to July 30, 2020, so that counsel for the defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Specifically, the defense agrees that it needs time to review discovery and effectively evaluate the posture of the case, and conduct investigation into any possible defenses she may have to the charges. *Id.* For these reasons, the defendant, defense counsel, and the government stipulate and agree that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A); Local Code T4.

DATED: May 20, 2020                     /s/Jason Hitt
                                        JASON HITT
                                        Assistant U.S. Attorney

DATED: May 20, 2020                     /s/Jason Hitt for Ms. Fields
                                        CANDICE FIELDS, ESQ.
                                        Counsel for defendant
                                        Authorized to sign for Ms. Fields
                                        on May 19, 2020

STIPULATION AND ORDER CONTINUING PRELIMINARY HEARING AND EXCLUDING TIME

# O R D E R

Based upon the representations by counsel and the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The Court finds good cause to extend the Preliminary Hearing in *United States v. Keko Olani*, Case No. 2:20-mj-00018-KJN, from May 28, 2020, to July 30, 2020, at 2:00 p.m. pursuant to Federal Rule of Criminal Procedure 5.1(d); and

2. Based upon the representations and stipulation of the parties, the court finds that the time exclusion under 18 U.S.C. § 3161(h)(7)(A) and Local Code T4 applies and the ends of justice outweigh the best interest of the public and the defendant in a speedy trial based upon the factors set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), and the reasons articulated in the stipulation of the parties. Accordingly, time under the Speedy Trial Act shall be excluded up to and including July 30, 2020.

**IT IS SO ORDERED.**

Dated: May 20, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE